# In the United States Court of Federal Claims

No. 16-1063C
(Filed: September 1, 2017)

<table>
<tr><td>

PDS CONSULTANTS, INC.,

                    Plaintiff,

v.

THE UNITED STATES,

                    Defendant,

and

WINSTON-SALEM INDUSTRIES
FOR THE BLIND, INC.

              Defendant-Intervenor.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Stay Pending Appeal; Application of
the Veterans Benefits, Health Care,
and Information Technology Act of
2006 when products and services are
listed on the AbilityOne Procurement
List.

</td></tr>
</table>

*David S. Gallacher*, Washington, DC, for plaintiff. *Emily S. Theriault*, Washington, DC, of counsel.

*Jeffrey M. Lowry*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Chad A. Readler*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, for defendant. *Harold W. Askins III*, Staff Attorney, Department of Veterans Affairs, of counsel. *Timi N. Kenealy*, General Counsel, and *John Konst*, Assistant General Counsel, Committee for Purchase from People who are Blind or Severely Disabled, Arlington, VA of counsel.

*James K. Kearney*, Tysons Corner, VA, for defedant-intervenor. *Gary H. Nunes* and *Joshua L. Rodman*, Tysons Corner, VA, and *Jessica C. Abrahams* and *Joanne L. Zimolzak*, Washington, DC, of counsel.

**ORDER GRANTING STAY PENDING APPEAL**

**FIRESTONE**, *Senior Judge*

Defendant-Intervenor Winston-Salem Industries for the Blind, Inc., doing business as IFB solutions ("IFB"), seeks pursuant to Rule 62(c) of the Rules of the United States Court of Federal Claims ("RCFC") a stay pending appeal of the judgment entered by this court on June 30, 2017 (ECF No. 87) following this court's opinion issued on May 12, 2017 (ECF No. 80) and this court's order issued on June 28, 2017 (ECF No. 86). For the reasons set forth below, the stay is **GRANTED**.

**BACKGROUND**

This bid protest case was originally filed by plaintiff, PDS Consultants Inc. ("PDS"), a service-disabled veteran-owned small business ("SDVOSB"), on August 25, 2016 challenging the Veterans Administration's ("VA") continued procurement of products and services from the AbilityOne Procurement List created under the Javits-Wagner-O'Day Act ("JWOD"), 41 U.S.C. § § 8501-8506 before first applying the "Rule of Two" analysis prescribed under the Veterans Benefits, Health Care, and Information Technology Act of 2006 ("VBA"). 38 U.S.C. § 8127.  JWOD generally requires federal agencies, including but not limited to the VA, to purchase products and services from designated nonprofits that employ blind and otherwise severally disabled people when those products and services are listed on the "AbilityOne Procurement List."[1]  The VBA

---

[1] As relevant here, JWOD provides: "An entity of the Federal Government intending to procure a product or service on the procurement list … shall procure the product or service from a qualified nonprofit agency for the blind or a qualified nonprofit agency for other severely disabled in accordance with the regulations of the Committee at the price the Committee

generally requires the VA to set goals for providing contracts to veteran-owned small

businesses ("VOSBs"), with a special preference for SDVOSBs, and further requires that

the VA perform a Rule of Two analysis to determine whether at least two VOSBs are

capable of performing the work at fair market value before procuring goods and

services.[2]  If the Rule of Two is met, the VA must conduct the competition for such

products or services only among VOSBs or SDVOSBs.  *See Kingdomware v. United*

*States*, 136 S.Ct. 1969, 1976-77 (2016).

At issue in this protest was whether the requirement that the VA conduct a Rule of

Two analysis to determine whether to restrict a procurement to VOSBs or SDVOSBs

under the VBA applies when a good or service has been previously placed on the

AbilityOne Procurement List.  Specifically, the protest focused on the VA's decision to

procure eyewear products and services from an AbilityOne nonprofit for four Veterans

Integrated Service Networks ("VISNs") without performing a Rule of Two analysis.

---

establishes if the product or service is available within the period required by the entity." 41
U.S.C. § 8504(a).

[2] As relevant here, the VBA provides: "(d) USE OF RESTRICTED COMPETITION.--
Except as provided in subsections (b) and (c) [with regard to circumstances when
noncompetitive procedures are authorized with SDVOSB and VOSB concerns] for purposes of
meeting the goals under subsection (a) and in accordance with this section, a contracting officer
of the [VA] shall award contracts on the basis of competition restricted to small business
concerns owned and controlled by veterans if the contracting officer has a reasonable expectation
that two or more small business concerns owned and controlled by veterans will submit offers
and that the award can be made at a fair and reasonable price that offers best value to the United
States." 38 U.S.C. § 8127(d).

The statute also sets out the order of priority and gives SDVOSB concerns a first priority
between veteran owned businesses.  See § 8127(i).

Eyewear products and services for VISNs 2 and 7 were added to the AbilityOne Procurement List before 2010. VISNs 6 and 8 were added to the AbilityOne Procurement List after 2010.  In its protest PDS, a SDVOSB, argued based on the plain language of the VBA and the broad reading to the language of the VBA given by the Supreme Court in *Kingdomware,* 136 S.Ct. at 1976, that the VA's decision to continue to enter into new purchasing agreements for eyewear products and services with AbilityOne nonprofits for VISNs 2, 6, 7 and 8 before performing a Rule of Two analysis was inconsistent with the VA's obligations under the VBA.[3]  PDS argued that before the VA could continue to procure eyewear products and services through new agreements with AbilityOne nonprofits for VISNs 2, 6, 7 and 8, the VA had to first apply the Rule of Two to determine whether the products and services could be provided by SDVOSBs or VOSBs at a fair market price.

The government initially argued that the VA had no legal choice but to purchase items found on the AbilityOne Procurement List from AbilityOne nonprofits under the terms of JWOD.  IFB intervened in the bid protest and also argued that JWOD is controlling and that the VA has to purchase items off of the AbilityOne Procurement List from AbilityOne nonprofits when those items are on the AbilityOne Procurement List. Prior to hearing oral argument on the protest, the government informed the court that the

---

[3] The Supreme Court determined that "[o]n the merits, we hold that § 8127 is mandatory, not discretionary. Its text requires the Department to apply the Rule of Two to all contracting determinations and to award contracts to veteran-owned small businesses." *Kingdomware,* 136 S.Ct. at 1976.

VA had changed positions and had decided that the VA would perform a Rule of Two analysis before procuring items from the AbilityOne Procurement List for items added to the AbilityOne Procurement List on or after January 7, 2010, the date the original regulations implementing the VBA took effect.  Under the revised VA regulation, the Rule of Two analysis is not applicable to items which were added to the AbilityOne Procurement List before January 7, 2010.[4]

The parties agreed that the VA's decision to perform the Rule of Two analysis for items added to the AbilityOne Procurement List after January 7, 2010 mooted PDS' protest with regard to eyewear products and services for VISNs 6 and 8, but that the protest was not moot with regard to the procurement of eyewear products and services for VISNs 2 and 7, which had been added to the AbilityOne Procurement List before 2010.  PDS argued with regard to VISNs 2 and 7 that the VA was required by law to perform a

---

[4] Specifically, the VA's 2017 Veterans Administration Acquisition Regulation 808.002 provides that the VA will apply the Rule of Two before procuring any item on the AbilityOne Procurement List if that item was added on or after January 7, 2010.  It states in relevant part: "Priorities for use of mandatory Government sources. (a)(1) Supplies. . . . (iv) Supplies on the Procurement List maintained by the Committee for Purchase of People Who are Blind or Severely Disabled, known as AbilityOne . . .  Supplies on the Procurement List are mandatory only if: (1) The supplies were added to the Procurement List prior to January 7, 2010, and the date the supplies were added is readily available; or (2) The supplies were added to the Procurement List on or after January 7, 2010, the VA Rule of Two … was applied prior to the addition of the supplies to the Procurement List, and that information is readily available … (C) When the VA Rule of Two is not satisfied and award to eligible SDVOSBs/VOSBs. … will not occur, the priority use of AbilityOne . . . applies." The same language is repeated with regard to services in the next section of the regulation.

This court is aware that this regulation is currently being challenged before the U.S. District Court of the District of Columbia. *National Industries for the Blind et al. v. The Department of Veterans Affairs et al.,* case number 1:17-cv-00992.

Rule of Two analysis before entering into any new purchasing agreements for eyewear products and services for VISNs 2 and 7.  The court agreed with PDS and rejected the government's contention "that items added to the [AbilityOne Procurement List] prior to 2010 are forever excepted from the VBA's requirements no matter how many contracts are issued or renewed."  *PDS Consultants Inc. v. United States*, 132 Fed. Cl. 117, 128 (2017).[5]  The court determined, relying principally on the plain language of the VBA as discussed by the Supreme Court in *Kingdomware*, that Congress has required the VA to give priority to SDVOSBs and VOSBs when procuring goods and services.[6]

_____

[5] In the decision, the court rejected the government and IFB's contention that the court lacked jurisdiction over PDS' protest. *PDS* at 126.  The government and IFB argued that PDS could not challenge a procurement decision using the AbilityOne Procurement List under this court's bid protest jurisdiction. *Id.*  The government and IFB argued that PDS' only right of judicial review is in federal district court.  Specifically, the government and IFB argued that PDS could only challenge the decision of the AbilityOne Commission to place products and services on the AbilityOne Procurement List. *Id.*  The government and IFB argued that once the items were listed on the AbilityOne List, the VA had no choice but to purchase the item off of the AbilityOne Procurement List. *Id.*

PDS argued that this court had jurisdiction on the grounds that it was seeking to prevent the VA from entering into a new purchasing agreement to procure eyewear products and services in VISNs 2 and 7 once the purchase agreements with IFB expired.  PDS maintained that the VA must conduct a Rule of Two analysis before entering into any new purchasing agreements with IFB.  PDS thus argued its protest was a challenge to the VA's compliance with the VBA "in connection with a procurement or proposed procurement" as provided for under 28 U.S.C. § 1491(b)(1).  The court agreed and determined that PDS' protest was "in connection with a procurement." *PDS* at 126.

As discussed *infra*, IFB continues to argue that because JWOD imposes a mandatory duty on all agencies, including the VA, PDS can only challenge the listing of a product or service on the AbilityOne Procurement List in a federal district court under the Administrative Procedure Act. 5 U.S.C. § 701-706.  The government did not take a position on whether the court had jurisdiction over PDS' challenge in its response to the motion for a stay pending appeal.

[6] In this connection, the court distinguished the 2006 VBA at issue in this protest with the Veterans Benefit Act of 2003, which amended the Small Business Act to provide authority for contracting officers throughout the government to restrict competition to SDVOSB concerns, but

The court entered judgment in favor of PDS and denied the government and IFB's motion for judgment upon the administrative record on June 30, 2017.  Prior to entering judgment the court asked the parties for further briefing on the status of the VA's procurement of eyewear and services using the AbilityOne Procurement List for VISNs 2 and 7.  Before fashioning injunctive relief, the court learned that a bridge contract with IFB for VISN 2 was set to expire on September 30, 2017 and that the Blanket Purchase Agreement with IFB for VISN 7 would expire in July 2017, but that there were several option periods available under the agreement with IFB for VISN 7.  In its judgment the court stated that the VA would be required to perform a Rule of Two analysis with regard to VISN 2 before the bridge contract with IFB expired on September 30, 2017.  With regard to VISN 7, the court determined that the VA would be required to perform a Rule of Two analysis before December 2017, and, if the Rule of Two is satisfied, award a contract before January 31, 2018.  (ECF. No 86).

On July 31, 2017, IFB moved this court to stay its judgment pending appeal. (ECF No. 92).  The government and PDS filed responses on August 14, 2017 and IFB filed its reply on August 18, 2017. (ECF Nos. 96, 97 and 98).  The government, in its response, did not take a position regarding the motion for a stay pending appeal.  PDS objected to

which expressly provides that the SDVOSB preference is not permitted if the procurement would otherwise be made under the JWOD. 15 U.S.C. § 657f(c).  The court noted that in the 2006 VBA, Congress did not act to expressly preserve an exemption for purchases made under JWOD through the AbilityOne Procurement List.  In the court's view this distinction supported PDS claim that Congress understood how to exempt JWOD from other preference programs and that by not exempting JWOD in the 2006 VBA, Congress did not mandate that the VA, unlike other federal agencies, be bound by JWOD if the Rule of Two is satisfied.

any stay of the court's judgment.  The court held oral argument on August 23, 2017 and

for the reasons set forth below, **GRANTS** the defendant-intervenor IFB's motion for a

stay pending appeal.  Under this stay, the government shall not procure eyewear products

or services in VISN 2 or 7 outside of the AbilityOne Procurement List until the appeal is

resolved.

## DISCUSSION

### I.   **Legal Standard**

Pursuant to RCFC 62(c), the court has the authority to grant an injunction while an

appeal of a final judgment is pending.  That rule provides: "While an appeal is pending

from an interlocutory order or final judgment that grants, dissolves, or denies an

injunction, the court may suspend, modify, restore, or grant an injunction on terms for

bond or other terms that secure the opposing party's rights."  RCFC 62(c).  In this

connection, because an injunction "is 'an extraordinary and drastic remedy,'" the movant

carries the burden of persuasion.  *OAO Corp. v. United States*, 49 Fed. Cl. 478, 480

(2001) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §

2948 (1995)).  In deciding whether a party is entitled to such relief, the court considers

the following factors: (1) whether the movant has made a strong showing that it is likely

to succeed on the merits; (2) whether the movant will be irreparably injured absent an

injunction; (3) whether the issuance of the injunction will substantially injure the other

interested parties; and (4) where the public interest lies.  *Standard Haves Prods., Inc. v.*

*Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (citing *Hilton v. Braunskill*, 481

U.S. 770, 776 (1987); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum,* 835 F.2d

277, 278 (Fed. Cir. 1987)).  Each factor is not necessarily entitled to equal weight. *Id.*

(citing *Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890

(1st Cir. 1979)).  The court's flexible consideration of the four factors may allow for an

injunction pending appeal when the movant "'establishes that it has a strong likelihood of

success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial*

case on the merits,' *provided* the other factors militate in the movant's favor." *Id.* at 513

(quoting *Hilton*, 481 U.S. at 778 (emphasis added)).  Put another way, a plaintiff is

entitled to a stay pending appeal where it has a "substantial case on the merits" and where

"the balance of hardships tips <u>decidedly</u> towards the movant." *Id.* (citing *Hamilton*

*Watch Co. v. Benrus Watch Co.,* 205 F.2d 738, 740 (2d Cir. 1953); *Charlie's Girls, Inc.*

*v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973)) (emphasis added).

## II.      Discussion

### A.      Standing and Jurisdiction

Before turning to the merits of IFB's motion, the court must first address IFB's

contention that this bid protest should have been dismissed on the grounds that this court

does not have jurisdiction to hear PDS' case.  The court has again considered the

arguments of IFB and again finds that this action involves a challenge to the VA's

obligations under the VBA "in connection with a procurement or proposed procurement"

and thus jurisdiction was proper under 28 U.S.C. § 1491(b).  IFB has acknowledged that

VISNs 2 and 7 are on the AbilityOne Procurement List.  41 U.S.C. § 8503(a), *see also*

FAR § 8.704.  At issue in this protest is whether the VA can procure eyewear products and services from the AbilityOne Procurement List before performing a Rule of Two analysis.  As the court stated in its opinion, "the VA has made it clear that, absent intervention by this court, it will continue to enter into contracts with IFB for eyewear without performing a Rule of Two analysis in VISNs 2 and 7.  Accordingly, PDS' challenge is "'in connection with a procurement or a proposed procurement', . . . and thus is within this court's bid protest jurisdiction."  *PDS* at 126 (citing 28 U.S.C. § 1491(b)(1)).

## B.      Substantial Case on the Merits

IFB argues that this court should grant a stay pending appeal because the issues on appeal are of first impression and thus are a fair ground for litigation.  Def.-Intervenor's Mem. Supp. Mot. Stay Pending Appeal at 5.  Specifically, IFB argues that whether the court properly interpreted the interplay between VBA and JWOD is a question of first impression.  The government and PDS agree.  The court also agrees.  Whether the 2006 VBA requires the VA to consider setting aside eyewear products and services for VISNs 2 and 7, as the VA will now do for VISNs 6 and 8, before turning to the AbilityOne Procurement List has not been decided by any prior court.  Thus, while the court rejected IFB's arguments, it is not possible to determine the likelihood of success on appeal.  This case involves two statutes designed to give preferences to different well-deserving groups.  The VA has indicated that VBA's preference for SDVOSBs and VOSBs will take precedence for products and services that were listed on the AbilityOne Procurement

10

List after 2010 but not before.  Whether the VA has made the right call and has properly

reconciled its obligations under VBA and JWOD after *Kingdomware* will now be decided

by the Federal Circuit.  Because this is an issue of first impression involving important

contracting preferences, the court finds that this is a "substantial case on the merits."  *See,*

*e.g., Jacobson v. Lee*, 1 F.3d 1251 (Fed. Cir. 1993) ("These are important questions,

some of first impression, that deserve careful consideration by this court.")  Therefore,

the court finds that the decision to grant or deny a stay will turn on the court's evaluation

of the equities.

### C.    Irreparable Harm

IFB argues that if the court does not grant the stay, it stands to lose by January 31,

2018, 62% of its revenue from optical services or 15.5% of its total revenue.  More

importantly, however, IFB maintains that the harm to it is irreparable because this will

likely mean the loss of "employment opportunities for persons who are blind."  Def.-

Intervenor's Mem. at 29.  PDS argues that this harm is no different from the harm every

incumbent faces when it competes for a contract and thus the loss of a contract cannot

serve as the basis for finding irreparable harm.  Pl.'s Resp. at 27-28.

The court agrees with IFB.  While it is true that "no federal contractor has a right

to maintain its incumbency in perpetuity," and "the potential loss of the benefits of

incumbency does not give [a bid protest] plaintiff some sort of automatic right to a stay

pending appeal," *CRAssociates, Inc. v. United States*, 103 Fed. Cl. 23, 26 (2012), it is

also true that IFB, as a nonprofit that exists to provide employment opportunities for the

blind, is no ordinary incumbent.  The court is persuaded that the loss of these contracts would have a severe impact on not only IFB's optical business but also IFB's mission as a nonprofit to provide employment, training, and services to persons who are blind.  For this reason, the court finds that IFB's harm is unique from other incumbents and thus it has established that it will suffer irreparable harm.

### D.      The Balance of Harms

IFB argues that the harm to IFB caused by the denial of a stay pending appeal outweighs any harm that the government or PDS will suffer during the pendency of the appeal. Def.-Intervenor's Mem. at 31-32.  PDS on the other hand argues that such a stay would substantially injure PDS and other SDVOSBs because they will not be able to compete for the contracts in question during the pendency of the appeal.  Pl.'s Resp. at 32-33.  This court has found that "loss of an opportunity to compete constitutes irreparable harm."  *E.g.*, *Red River Commc'ms, Inc. v. United States,* 109 Fed. Cl. 497, 519 (2013) (citations omitted).  As noted, the government has taken no position on whether a stay pending appeal should be granted and did not enumerate any harms of such a stay.  Def. Resp., at 1.

In balancing the harms, the court has weighed the concrete harm IFB has identified against the hypothetical harm PDS has identified and has concluded that the harm to IFB outweighs the harm to PDS.  Specifically, IFB has provided concrete examples of the severe negative consequences that could flow from loss of the VISNs 2 and 7 work, including loss of revenue, forced layoffs and its inability to satisfy its core

mission of employing the blind.  PDS has not identified any concrete harm that will flow

to it if it is not able to compete for the eyewear products and services work for VISNs 2

and 7.  The harm it identifies is hypothetical.  It is based on the hope that it would be able

to compete for the subject work in VISNs 2 and 7.  The concrete harm to IFB is plainly

more significant than the hypothetical harm identified by PDS.  Accordingly, the court

finds that the harm to IFB outweighs the harm to PDS.

###　　　　E.　　　Harm to the Public Interest

   IFB asserts that the public interest weighs in favor of granting the stay because

through JWOD Congress has expressed the government's intention, through its

purchasing power, to assist blind and severely handicapped individuals in finding and

maintaining employment.  Def.-Intervenor's Mem. at 32-33.  Similarly, PDS contends

that the public interest weighs against granting the stay because through the VBA,

Congress has expressed the government's intention, through its purchasing power, to

assist VOSBs and particularly SDVOSBs.  Pl.'s Resp. at 33-35.  There is no doubt that

both JWOD and VBA serve important public purposes.  However, because the concrete

harm to IFB without a stay outweighs the potential harm to PDS, the court finds that the

public interest tips in favor of allowing IFB to continue its work of employing blind and

severely handicapped individuals under its contracts for VISINs 2 and 7 until the appeal

is resolved.

## CONCLUSION

For all of these reasons, the court **GRANTS** IFB's motion for a stay pending appeal.  The VA may continue to procure its eyewear products and services for VISNs 2 and 7 from IFB until the appeal has been resolved.[7]

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[7] Initially IFB sought to have the court enjoin the VA from conducting a Rule of Two analysis, it is no longer seeking that relief and thus the VA can continue that analysis to the extent it is not already completed.